**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIMOTHY HARTMAN<br>332 Country Ridge Dr.<br>Red Lion, PA 17356<br><br>Plaintiff,<br><br>v.<br><br>KSI TRADING CORPORATION D/B/A KSI AUTO PARTS<br>100 Wade Ave.<br>South Plainfield, NJ 07080<br>and<br>KSI HOLDING CORPORATION D/B/A KSI AUTO PARTS<br>100 Wade Ave.<br>South Plainfield, NJ 07080<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Timothy Hartman ("Plaintiff"), hereby complains as follows against KSI Trading Corporation d/b/a KSI Auto Parts and KSI Holding Corporation d/b/a KSI Auto Parts ("Defendants") and avers as follows:

**INTRODUCTION**

1. Plaintiff initiates the instant action to redress violations by Defendants of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et seq*.), the Pennsylvania Medical Marijuana Act, 35 P.S. § 1023.2103(b)(1) ("MMA"), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

[1] Plaintiff's claims under the PHRA are referenced for notice purposes. He is required to wait one (1) full year before initiating a lawsuit pursuant to the PHRA from the date of dual-filing with the EEOC. Plaintiff will move to

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants citizens of the Eastern District of Pennsylvania.

5. Plaintiff is in part proceeding herein under the ADA and for such claim has properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

amend his instant lawsuit to include mirroring claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendants are wholesale distributors of aftermarket auto body collision parts, and are located at the above-captioned address.

9. Defendants operate under many names and through many entities including but not limited to KSI Collision Parts, KSI Trading Corp., KSI Holdings Corp., KSI Group, and other KSI-name iterations, and Plaintiff interacted with all named Defendants for various employment-related purposes throughout his employment.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendants on or about March 23, 2026 as a Delivery Driver, until he was unlawfully terminated by Defendants on May 19, 2026, as discussed herein.

13. As a Delivery Driver for Defendants, Plaintiff was tasked with separating, loading, and delivering vehicle collision parts in a van to various delivery sites in Pennsylvania.

14. Throughout his tenure with Defendants, Plaintiff was based out of Defendants' location at 181 Possum Hollow Road, Ste. I-L, Pottstown, PA 19464.

15. In this role, Plaintiff was directly supervised by Deidra Beckett ("Beckett") – Manager.

16. At all times during his employment with Defendants, Plaintiff performed his job in a dutiful and competent manner, as evidenced by his commitment to Defendants and successful work.

17. Unfortunately, Plaintiff suffers from several ADA-qualifying disabilities including but not limited to lower lumbar radiculopathy, chronic sciatica, depression and anxiety.

18. As a result of Plaintiff's disabilities, several of his major life activities are affected, including but not limited to normal leg function, sleeping, normal muscular function, sleeping and communicating.

19. Despite Plaintiff's disabilities, he was able to successfully perform his role.

20. Due to Plaintiff's chronic disabilities, in or around December 2025, Plaintiff's physician issued a prescription for medicinal marijuana to help Plaintiff manage his chronic disabilities, and Plaintiff used medicinal marijuana under the supervision and direction of a licensed health care professional.

21. Per Plaintiff's prescription, Plaintiff only utilized medical marijuana to treat his disabilities outside of work hours and in a manner to not affect his work performance or ability to perform his job duties.

22. At all times relevant, Defendants were aware Plaintiff had a prescription for medicinal marijuana, as evidenced as early as Plaintiff's pre-employment drug screening required by Defendants and Plaintiff's conversations with Beckett regarding his prescription.

23. On or about May 6, 2026, while returning from a delivery, Plaintiff miscalculated the distance pulling into Defendants' garage and, as a result, was involved in a *very minor* collision where the side of the vehicle was scraped.

24. Following the accident, Plaintiff immediately spoke with Beckett and informed her of the scrape, and filled out Defendants' accident report form.

25. In speaking about the accident, Beckett examined the scraped vehicle and informed Plaintiff that a) his accident wasn't a "big deal," b) that per Defendants' policy, and due to the accident, he was required to submit to a drug test, and c) that she would inform Defendants' Human Resources department including Leslie Flores ("Flores") – HR Business Partner about Plaintiff's accident.

26. Although the accident was extremely minor, Plaintiff had no problem submitting to a drug test as he was **not** under the influence of any substances or impaired in any way at the time of the accident.

27. However, in advance of taking the drug test, on or about May 6, 2026, Plaintiff again spoke with Beckett and reminded her that although he was happy to comply with Defendants' policy of submitting to a drug test, he had a prescription for medicinal marijuana due to his disabilities and that he may in turn test positive for marijuana/THC despite not being under the influence.

28. In response, Beckett unequivocally told Plaintiff that although she did not have any concerns with his prescription, she had seen other employees get fired for "testing positive for marijuana" and went so far as to recommend Plaintiff try to 'cheat' his drug test, so he would not get fired.

29. On May 7, 2026, Plaintiff complied with Defendants' drug screening and was forced to stay out of work pending the results.

30. On May 14, 2026, Plaintiff personally received Defendants' drug screening results and was told that the results were sent directly to Defendants.

31. As expected and as Plaintiff informed Beckett prior, Plaintiff's drug screen showed marijuana/THC in his system (as Plaintiff had a prescription for medicinal marijuana and took medicinal marijuana outside of work hours).

32. It is well known that urinalysis drug screening is unable to determine when the person last used THC/medicinal marijuana, or whether the person was impaired at the time of the test.

33. As discussed *supra* and to further clarify, Plaintiff was not impaired at **any** time he worked for Defendants, nor was he otherwise unable to perform his job functions, including operating his company-issued vehicle at the time of the minor accident, given that he had taken his prescribed medication outside of working hours.

34. Nevertheless, on or about May 19, 2026, and in retaliation for disclosing his medicinal marijuana prescription and use, ***Beckett informed Plaintiff that he was terminated for "testing positive for marijuana."***

35. In response, Plaintiff again reminded Beckett that he takes medicinal marijuana pursuant to doctors' orders, but Beckett told Plaintiff there was "nothing [she] can do."

36. Accepting Defendants' basis for termination, it would be able to discriminatorily or retaliatorily terminate employees for taking prescriptions such as painkillers, depression medication, anxiety prescriptions, and a host of other commonly prescribed drugs for disabilities, which is *obviously* unlawful.

37. Defendants' reasons for terminating Plaintiff are pretextual because:

i. Plaintiff was not impaired during the time of the minor accident;

ii. Plaintiff has not used his prescribed medicinal marijuana to treat his disabilities during work hours or close to work hours that would make him impaired at work;

iii. Plaintiff had never used medical marijuana during work hours or ever been impaired at any time during work hours; and

iv. Defendants' management and Human Resources team, including Beckett, were well aware of Plaintiff's disabilities and his prescribed medical marijuana use.

38. To be clear, Plaintiff would not have been terminated by Defendants had he not suffered from ADA-qualifying disabilities.

39. Defendants' actions as aforesaid constitute violations of the ADA, MMA, and PHRA.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**([1] Actual/Perceived/Record of Disability Discrimination; and [2] Retaliation)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities (set forth *supra*).

42. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants.

43. Plaintiff was terminated on or about May 19, 2026 for the sole reason of Plaintiff's use of medicinal marijuana to treat his disabilities.

44. Plaintiff believes and therefore avers that he was subjected to discrimination and retaliation because of (1) his known and/or perceived health problems; (2) his record of impairment; and (3) his use of medicinal marijuana.

45. Plaintiff further believes and therefore avers that his disabilities were a motivating/determinative factor in the termination of his employment with Defendants.

46. Defendants' actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Pennsylvania Medical Marijuana Act ("MMA")**
**(Discrimination)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. The MMA states that "[n]o employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana." 35 P.S. § 10231.2103(b).

49. Defendants' alleged, but clearly meritless, reason for terminating Plaintiff is a pretext to hide its real and invidious reason for termination.

50. At all times material, Plaintiff used medicinal marijuana lawfully in accordance with 35 P.S. § 303(i).

51. Plaintiff disclosed his status as a certified individual to Defendants' management and HR representatives before his termination.

52. Defendants would not have terminated Plaintiff but for his "status as an individual who is certified to use medical marijuana." 35 P.S. § 10231.2103(b).

53. By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the MMA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P) / 215-639-4970 (F)
akarpf@karpf-law.com

Dated: September 2, 2026

**VERIFICATION**

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

Dated: September 1, 2026

Timothy Hartman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Timothy Hartman | : | CIVIL ACTION |
| v. | : | |
| KSI Trading Corporation d/b/a KSI Auto Parts, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 9/2/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number: ____________ Judge: ____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*: ____________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*): ____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* ____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
HARTMAN, TIMOTHY

**(b)** County of Residence of First Listed Plaintiff: York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**
KSI TRADING CORPORATION D/B/A KSI AUTO PARTS, ET AL.

County of Residence of First Listed Defendant: Middlesex
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): ADA (42USC12101)

Brief description of cause: Violations of the ADA, MMA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 9/2/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________